UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Athena Howlett,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case Action No.: 1:10-cv-150

Judge Michael R. Barrett

### ORDER

This is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is Magistrate Judge Karen L. Litkovitz's February 14, 2011, Report and Recommendation ("Report") (Doc. 18).[1] In the Report, Magistrate Judge Litkovitz recommends that the Commissioner of Social Security's decision denying Plaintiff Athena Howlett's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") should be affirmed. (Doc. 18, 22.)

The parties were given proper notice pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff filed timely objections to the Report (Doc. 19). Defendant did not respond.

For the reasons stated below, the Court overrules Plaintiff's Objections and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

---

[1] All Court document citations are to Docket Entry numbers (including the Administrative Transcript).

[2] A notice was attached to the Report regarding objections. (Doc. 18, 23.)

1

**I.     Background**

The Report, supplemented by Plaintiff's Statement of Errors and the Administrative Law Judge's ("ALJ") decision, accurately details the facts and procedural history of this case.  (*See* Doc. 18, 1–2, 8–16; Doc. 10, 1–7; Doc. 6-2, 12–20.)  There is no need to repeat them here.

Plaintiff maintains the following objections: (1) the ALJ ignored the vocational expert's ("VE") testimony that Plaintiff would not be able to work because of her hand limitations; and (2) the ALJ erred in finding that Plaintiff was not credible.  (Doc. 19, 1.)  Each of these objections will be addressed in turn.

**II.    Analysis**

    **A.     Standard of Review**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (*quoting Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (*citing Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     First Objection**

Plaintiff's first objection argues that the ALJ ignored the VE's testimony that

Plaintiff would not be able to work because of her hand limitations. (Doc. 19, 1.) More specifically, Plaintiff argues that the VE testified that based on Plaintiff's testimony, her hand limitations would preclude any type of work. (Doc. 19, 2.) In other words, if what Plaintiff testified to about her hand limitations was true, there would be no work available for her in the national economy and she would therefore be disabled. The magistrate judge recommended that the record did not support Plaintiff's testimony. (Doc. 18, 20.) Plaintiff disputes this. She argues that the record shows an abundance of objective evidence to support her testimony about her hand limitations. (Doc. 19, 2.) Thus, this objection is really an issue of weighing evidence in the record rather than an issue of the VE's testimony.

      Plaintiff makes these exact same arguments in her Statement of Errors (Doc. 10, 8–10), and the Report dealt with them thoroughly (Doc. 18, 17–20.) Here, Plaintiff argues, first, that the record shows Plaintiff had bilateral hand pain and problems with her fingers locking up, pain in both thumbs and hands with palpation, and complaints of pain in both hands, mostly the third and fourth fingers of the right hand and in the thumb of the left hand. (Doc. 19, 2.) As the Report recognized and discussed, each of these supposed limitations were based entirely on Plaintiff's own subjective reports. (Doc. 18, 18) ("The reported 'findings' cited in Dr. Danopulos's report (Tr. 290, 292, 293) are based on plaintiff's *own* subjective reports of her pain and limitations to Dr. Danopulos.") In other words, Plaintiff's limitations here are not the findings of a physician. Rather, they are Plaintiff's own complaints of her limitations. As the Report indicates, the regulations do not view this as valid evidence of disability:

> [S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical

4

> signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. § 404.1529(a). Thus, the Report is correct where it concluded that these were not appropriate clinical findings to corroborate Plaintiff's allegations of an inability to use her hands frequently. There is not substantial evidence to support Plaintiff's testimony here.

Plaintiff next argues that the record shows Plaintiff had poor fine and gross motor skills due to numbness and swelling in her hands. (Doc. 19, 2.) The Report again found that "this evidence is based on plaintiff's self-report to Mr. Seifer during plaintiff's *mental status* examination, and not as the result of a physical examination or clinical testing." (Doc. 18, 18.) Thus, the Report is correct in concluding that this "is not corroborative clinical evidence supporting [Plaintiff's] claim that she does not have the frequent ability to use her hands." (Doc. 18, 18) (*citing Craig v. Chater*, 76 F.3d 585, 590 n.2 (4th Cir. 1996) (physician's observations regarding claimant's subjective complaints of pain do not constitute "clinical evidence")).

Plaintiff finally argues that EMG findings confirm that Plaintiff suffers from bilateral carpel tunnel syndrome. (Doc. 19, 2.) As the ALJ noted, this EMG was performed the day before Plaintiff's disability hearing. (Doc. 6-2, 16.) Its results were "consistent with a diagnosis of bilateral carpel tunnel syndrome," but "this report does not specify the severity [of] either the carpel tunnel syndrome or the diabetic peripheral neuropathy." (Doc. 6-2, 16.) And as the magistrate judge recognized, "the mere

5

diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual." *McKenzie v. Comm'r*, No. 99-340, 2000 WL 687680, at *5 (6th Cir. May 19, 2000) (*citing Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988)). The Report's analysis is correct here, and the ALJ's decision to disregard Plaintiff's testimony of her hand limitations is supported by substantial evidence. However, before this Court can conclude on Plaintiff's first objection, her second objection relating to her credibility must be analyzed.

### C. Second Objection

Plaintiff's second objection argues that the ALJ erred in finding that Plaintiff's testimony was not credible. (Doc. 19, 1.) More specifically, Plaintiff first argues that her complaints of hand limitations were supported by the EMG results and by the findings of Dr. Anthony, both of which the ALJ improperly discounted. (Doc. 19, 3.) (As with her first objection, this objection is more about weighing evidence in the record rather than a consideration of credibility.) Plaintiff made these same arguments in her Statement of Errors (Doc. 10, 10–11), and the magistrate judge considered them in detail (Doc. 18, 20–21).

As to the decision to discount the EMG findings, this was discussed above. (The EMG confirmed a diagnosis of bilateral carpel tunnel syndrome, but it gave no indication of its severity or of what limitations it might result in. (Doc. 18, 19.)) As to the findings of Dr. Anthony, he reported that "[o]n motor testing, there is a drift of the arm, and right hand grip is less than the left in a right handed person," and, "sensory exam does reveal mild sensory changes in the lower extremities consistent with a polyneuropathy probably secondary to diabetes." (Doc. 6-7, 36.) But Dr. Anthony's examination was

conducted the day after Plaintiff suffered from a mild stroke.  (*See* 6-7, 35.)  Even at that time, Dr. Anthony noted, "[Plaintiff] has improved but still has evidence of abnormal findings involving her arm and her reflexes."  (Doc. 6-7, 35.)  When Plaintiff saw Dr. Danopulos approximately five months after the stroke, he noted that she had improved considerably.  He found no neurologic pathology from the stroke, and he found no evidence of diabetic neuropathy in her feet or hands.  (Doc. 6-2, 15.)   Furthermore, he found that Plaintiff's grasp, manipulation, pinch, and fine coordination were all rated as normal bilaterally.  (Doc. 6-2, 16.)  Additionally, as the Report discussed, no physician opined that Plaintiff's hand impairment was as limited as Plaintiff's testimony indicated.  (Doc. 18, 19.)

Plaintiff next argues that the magistrate judge erred by discrediting Dr. Danopulos's findings at one point (where it supported Plaintiff's limitations) and then later by relying on Dr. Danopulos's report (to discredit the findings of another treating physician).  (Doc. 19, 3.)  This argument is not well taken.  The magistrate judge never discredited Dr. Danopulos's "findings."  As discussed above, the magistrate judge took issue with Dr. Danopulos's report because, in relevant part, it conveyed Plaintiff's own subjective reports of pain and hand limitations.  These were not Dr. Danopulos's "findings."  Rather, they were merely a recordation of Plaintiff's own complaints.  The magistrate judge made no error in discounting this part of Dr. Danopulos's report.

As to actual considerations of credibility, the Report stated as follows:

> The ALJ's decision sets forth in detail the reasons for his credibility finding.  (Tr. 16-17).  As the ALJ noted, none of plaintiff's treating doctors reported that plaintiff was disabled or submitted assessments of her physical or mental limitations.  (Tr. 16).  The ALJ also reviewed in detail the medical findings of record and reasonably concluded that

7

> such findings do not support the extreme exertional or manipulative limitations to which plaintiff testified. (Tr. 17). The ALJ further pointed to the inconsistencies between plaintiff's testimony and the record evidence in determining plaintiff was not fully credible. *Id.* In light of the ALJ's opportunity to observe plaintiff's demeanor, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. *Kirk*, 667 F.2d at 538. *See also Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir. 1997); *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987). The ALJ's decision reflects that he properly considered the required factors in determining plaintiff's credibility. *See* 20 C.F.R. § 404.1529(c). Accordingly, the Court determines that substantial evidence supports the ALJ's credibility finding in this matter.

(Doc. 18, 21.) This Court agrees. Substantial evidence supports the ALJ's credibility finding.

Based on the foregoing, because Plaintiff's testimony of her hand limitations is not supported by substantial evidence and because the ALJ was right to discount her credibility, both of Plaintiff's objections are overruled. The Report is ADOPTED in full.

### III.    Conclusion

In conclusion, this Court finds that the decision of the ALJ is supported by substantial evidence. The Report (Doc. 18) is ADOPTED. The ALJ's decision is AFFIRMED, and this matter is hereby CLOSED.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge